In the Matter of the Application of A. H. Roberts Bus Corporation for a Peremptory Order of Mandamus, Directed to the Mayor, etc., of the City of Elmira, N. Y.

Supreme Court, Chemung County, August, 1922 (Received January, 1923).

**Municipal corporations — consent of common council to transportation lines discretionary — court cannot review action taken — mandamus denied — Transportation Corporations Law, § 26.**

Where, under the provisions of section 26 of the Transportation Corporations Law, the consent of the local authorities of a city must be procured for the operation of a bus line along or upon the streets, the granting or withholding of such consent is a matter of discretion and is not reviewable by the court.

Petition for mandamus.

*Mandeville, Personius & Newman,* for petitioner.

*H. L. Gardner,* for defendants.

*Stanchfield, Collin, Lovell & Sayles,* for Elmira, Corning and Waverly Railway.

McCann, J. The petitioner has made an application for a peremptory mandamus order requiring the mayor and the common council of the city of Elmira to issue to it a consent to operate its proposed bus line in said city in connection with the operation of such line between Elmira and Waverly. The defendants have filed affidavits in opposition and the Elmira, Corning and Waverly Railway Company has been granted an order permitting it to intervene.

The petitioner applied to the common council of the city of Elmira for leave to operate the motor bus line in question and the application was denied. The petition herein sets forth all the published proceedings of the common council by which it appears that at the hearing upon said application the only appearances were those of the petitioner and the attorneys representing the Elmira, Corning and Waverly Railway Company, which company operates an electric trolley line between Elmira and Waverly and which company offered objection to the granting of the consent on the ground that it would deprive such company of certain revenue and would compel it to take measures which would seriously affect the service now rendered the public between the points set forth in the petition.

There is no reason stated in the proceedings of the common council as to why said application was denied, except that it is claimed by the petitioner that no one except those above mentioned appeared in opposition to the granting of the petition, and the fact that the same is recited in the proceedings of the common council indicates that the only matter considered in connection with the granting or refusal of this application was the objection of the Elmira, Corning and Waverly Railway Company. The petitioner alleges upon information and belief that the refusal to grant such petition was based solely upon the ground that it might compete with said street railway corporation. The reasons of the common council for refusing are set forth in the affidavit filed by Mayor Wood in which he states specifically that " numerous objections were made by the various members of the common council to the granting of said petition." Some of the objections were that an additional burden would be placed on the business streets of the city of Elmira through which the petitioner desired to run a bus; that it would congest traffic for said bus to run on said streets; that the safety of the traveling public in the city of Elmira and the wear and tear on the streets were considered; also that the city of Elmira already had adequate service between the village of Waverly and the city of Elmira; that there was no benefit to be derived by the city of Elmira from the operation of said bus; that the city of Elmira might become involved in rate cases between itself and the Elmira, Corning and Waverly Railway Company by reason of any demand that such company might make on account of competition between it and the petitioner, and that the city of Elmira had the right to prohibit absolutely the entry into said city of bus lines.

Section 26 of the Transportation Corporations Law provides: " No bus line * * * shall be operated wholly or partly

upon or along any street, avenue or public place in any city, nor receive a certificate of public convenience and necessity until the owner or owners thereof shall have procured, after public notice and a hearing, the consent of the local authorities of said city, as defined by the railroad law, to such operation, upon such terms and conditions as said local authorities may prescribe which may include provisions covering descriptions of route, rate of speed, compensation for wear and tear of pavement, improvements and bridges, safeguarding passengers and other persons using such streets," etc.

The question to be determined in this case is whether the granting or withholding of such a consent is a matter of discretion with the common council or whether it must be granted to every petitioner upon complying with reasonable requirements, rules and regulations adopted by the city.

Petitioner insists that the common council has no discretionary power in the matter and cites as his only authority upon this proposition *People ex rel. Aber* v. *Leonard*, 116 Misc. Rep. 591. It appears very clearly from this case that the refusal to grant the consent was based upon the ground that the bus line was not a public necessity and not for the best interests of the city of Newburgh nor the citizens of said city. The opinion states as follows: " It is evident that the city council in refusing the relator's application were of the opinion that they had the power and authority to refuse the application if, in their judgment, public necessity did not require the bus line, or if it were not for the best interests of the city and its inhabitants."

I interpret this decision as one which was based upon the proposition that the consent of the city was withheld on the ground that the common council believed that public necessity did not require it. If the city authorities placed their decision entirely upon that ground, it might be claimed, as was asserted in the Newburgh case, that there was a usurpation of the power of the public service commission. As to this proposition I am not prepared to state, although I have serious doubts as to whether the grounds of the refusal on the part of the city authorities can be made, in any event, the subject of inquiry by the court.

In another case (unreported), *Matter of Application of George Reddick* for a writ of peremptory mandamus to require the president and trustees of the village of Massena, St. Lawrence county, to issue a similar permit, it was held at Special Term by Mr. Justice Van Kirk that the court had no power to review the determination of the village authorities. In that case it was held that under the petition and answering affidavits a peremptory writ of mandamus could not be awarded.

In that case there were four applications for the operation of bus lines within the village. Three were denied and one granted. The petitioner claimed that there was a prearranged scheme to award the franchise to one of the four applicants and that by reason of such arrangement the petitioner's application was denied. The affidavit filed by the village president showed that there were several reasons for refusing to grant a permit to the petitioner, among others that there were four lines of buses in operation in the village; that there was not business enough for all of them; that there was irregularity in the schedules, due to promiscuous competition; that there was no uniformity of charges for passengers; that the streets were narrow and owing to the excessive number of motor buses there was increased congestion; that certain of the petitioners were not in a financial condition to respond, in case of litigation arising out of accidents; that many of the buses were unsanitary, untidy and unattractive; and the resolution which denied to the petitioner the permit for which he had made application placed such denial upon the grounds: (1) That the petitioner was not willing, or if willing was not able, to deal with the conditions imposed; (2) that there was not sufficient traffic to justify the granting of a permit to more than one person.

The latter ground is clearly one based upon the question of public necessity and if the Newburgh case, above quoted, encroached in any way upon the powers of the public service commission, the facts in the Massena case must be considered as analogous. The decision in the Newburgh case refers to the opinion of the attorney-general in a case arising in the city of Kingston, in which he says: " After reading section 26 it is my opinion that the provision regarding the consent of local authorities before action by the public service commission was placed in the section for the *main* purpose of protecting the locality and its citizens against wear and tear of pavements, heavy loads on bridges, speeding or careless operation by irresponsible owners or operators of bus lines. The question of public convenience, necessity, etc., is *apparently* exclusively a matter for the public service commission."

The decision in the Massena case is in direct conflict with the views expressed by the attorney-general in the letter above referred to.

In denying the writ in the Massena case the court based it upon the ground (1) that a peremptory writ would not lie (citing *People* v. *R., W. & O. R. R. Co.*, 103 N. Y. 95), a quotation from the headnote in which reads as follows: " A peremptory writ of *mandamus* is only authorized in the first instance ' where the applicant's right to a *mandamus* depends only upon questions of law,' in determining whether the issuing of the writ is proper, simply the facts alleged in

the petition, which are not denied or put in issue, and the affirmative allegations in the opposing affidavits may be considered." *People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 390, adopts the same rule. The above rule is applicable to the case at bar because if the court has the power to inquire into the reasons for the refusal of the consent in question, then a question of fact has been raised, which must result in the denial of the peremptory order. (2) The court in the Massena case also held that the facts therein would not justify the issuing of an alternative writ.

The court says: " The refusal of the license to the relator involved the exercise of judgment and discretion and it does not appear that there was any abuse of authority. The village board has acted. It is not the function of a writ of mandamus to require that an action involving discretion and judgment, be exercised in a particular way." Citing various sections of the Railroad Law and Transportation Corporations Law.

In the case of *People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26, 30, the court says: " The primary object of the writ of mandamus is to compel action. It neither creates, nor confers power to act, but only commands the exercise of powers already existing, when it is the duty of the person or body proceeded against to act without its agency. While it may require the performance of a purely ministerial duty in a particular manner, its command is never given to compel the discharge of a duty involving the exercise of judgment or discretion, in any specified way, for that would substitute the judgment or discretion of the court issuing the writ for that of the person or persons against whom the writ was issued. In such cases its sole function is to set in motion, without directing the manner of performance."

*People ex rel. Wooster* v. *Maher*, 141 N. Y. 330, 336, holds: " There is no dispute as to the rule of law that a mandamus against a public officer, or a municipality, is a proper remedy to compel the performance of a ministerial duty plainly prescribed, and may be invoked in behalf of any party interested in its performance, on the failure of the officer or public body to do the act or thing required. But where the officer or body is clothed with a discretion, and it may do or omit to do the act or thing according to the judgment of the person or body authorized to act, then a mandamus can only issue to compel a decision, in case of a refusal to decide, and when a decision is made the remedy by mandamus ends. The court cannot on mandamus review the decision made, or compel a decision the other way, because the court may disagree as to the justice or propriety of the conclusion reached."

The defendants' brief in referring to the provisions of the

Transportation Corporations Law, calls attention to the analogy between the consent required by such section and the consent required by the Railroad Law.

The language of such section as already quoted is as follows: " The consent of the local authorities of said city as defined by the Railroad Law."

Several authorities have been cited showing that such consent is one of discretionary power and not mandatory. In the case of *People ex rel. Schwab* v. *Grant*, 126 N. Y. 473, the headnote says: " The requirement that a person must secure leave from some other one to entitle him to exercise a right carries with it, by necessary implication a discretion upon the part of the other to refuse it, if in his judgment it is improper or unwise to give the required consent."

Another case cited by defendants is *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377. I do not deem it necessary, however, to discuss further the provisions of the Railroad Law in determining the nature of the consent required under the Transportation Corporations Law.

I am satisfied that the consent is a discretionary one and that the rule laid down in the Massena case is applicable to the case at bar. I cannot agree with the conclusions reached by the attorney-general in matter arising in the city of Kingston, nor with the decision in *People ex rel. Aber* v. *Leonard, supra*, arising in the city of Newburgh, although I see a clear distinction between the Newburgh case and the case at bar.

I have reached the conclusion that the consent of the common council of the city of Elmira in this case may be granted or withheld; that this court cannot inquire into the reasons for the granting or withholding of the same and that their action is not reviewable by this court. I realize fully the argument that such a conclusion might lead to a prohibition against the operation of a bus line between distant cities, which line might pass through many different cities, villages and towns, and that the withholding of the necessary consent on the part of one municipality might prohibit the operation of the bus line between the terminal points. To give the intermediate town or village the power to prohibit such operation would, without doubt, be dangerous at times when selfish motives might control the action of local boards, but if it is desired that such conditions may not arise, it is for the legislature to change the language of the statute and not for the courts to substitute its discretion in the place of that of a governing board or a local municipality. Until such legislative change is made, I am satisfied that the law must be interpreted as above. The application for a peremptory order of mandamus is denied, with ten dollars costs.

Ordered accordingly.